UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CASSANDRA ROGERS WIFE OF/** | * | CIVIL ACTION NUMBER: |
| **AND BRAD ROGERS** | * | |
| | * | SECTION : |
| Versus | | |
| | * | |
| **SUN CONSTRUCTION, L.L.C. D/B/A** | * | MAG. |
| **SUNRISE HOMES, STATE FARM** | * | |
| **FIRE AND CASUALTY COMPANY** | * | |
| **JOHN DOE SUPPLY,** | * | |
| **ABC INSURANCE COMPANY,** | * | |
| **JOHN DOE SUBCONTRACTORS** | * | |
| **AND XYZ INSURANCE COMPANY** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### NOTICE OF REMOVAL

Defendant State Farm Fire and Casualty Company ("State Farm") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below.

1. On December 9, 2009, Plaintiffs Cassandra and Brad Rogers filed this lawsuit against State Farm in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, against (a) Sun Construction, L.L.C. doing business as Sunrise Homes; John Doe Supply, and John Doe Subcontractors (the "Builder/Supplier Defendants"); (b) ABC Insurance Company and XYZ Insurance Company (the "Builder/Supplier Insurer Defendants"); and (c) State Farm Fire & Casualty Company ("State Farm"), Plaintiffs' homeowners insurer. The case was

captioned "*Cassandra Rogers wife of and Brad Rogers versus Sun Construction, L.L.C, D?B/A Sunrise Homes, State Farm Fire and Casualty Company, John Doe Supply, ABC Insurance Company, John Doe Subcontractors, and XYZ Insurance Company*  Docket No. 2009-17258, Division G. (See Plaintiffs' Petition for Damages, Citation and Return of Service attached hereto and marked for identification as Exhibit "A").

2. The suit asserts actions under Louisiana's New Home Warranty Act, La. R.S. 9:1341 *et seq.*, Claims of Negligent or Fraudulent Misrepresentation; Failure to Warn; Breach of Express Warranty; Breach of Implied Warranty of Merchantibility; Breach of Implied Warranty of Fitness for a Particular Purpose; Action in Redhibition; Breach of Statutory Warranties; Breach of Contract; Negligence; and Insurer's Liability.

3. The petition seeks damages for pain and suffering and inconvenience, additional living expenses and emotional distress, insurance co-payments, reimbursement of all costs and expenses in the repair of any purchase price paid, statutory penalties and attorneys fees from State Farm for its alleged failure to provide coverage and payment for certain claims made under Plaintiffs' homeowners policy related to claims for damages from construction of the home on 516 Mare Court in Covington, Louisiana using Chinese-manufactured drywall. Plaintiffs assert the drywall has caused and continues to cause physical damage to the home, has rendered the walls of the home defective and has caused damage to other building elements causing the home to be unsafe, unsanitary or otherwise unlivable. (Exhibit A Petition ¶17-18.)  Plaintiffs assert that all causes of action against the Defendants as set forth in the petition "are asserted against each's insurer." (Exhibit A, Petition ¶ 46.)

4. State Farm removes this action from the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, *et seq.*

I. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

5. 28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States."

6. The Builder/Supplier Defendants and Builder/Supplier Insurer Defendants have been improperly and fraudulently joined with State Farm. Whether or not Plaintiffs have colorable claims against the Builder/Supplier Defendants and the Builder/Supplier Insurer Defendants, on the one hand, and against State Farm, on the other hand, the claims are wholly distinct and are not properly joined. The claims against the Builder/Supplier Defendants arise out of their alleged negligent or intentional sale and installation of defective drywall in violation of Louisiana law, and the claims against the Builder/Supplier Insurer Defendants arise from potential insurance coverage resulting from such tortious conduct under the Builder/Supplier Defendants' commercial general liability insurance policies. In contrast, Plaintiffs' allegations against State Farm involve no more than the purported coverage under Plaintiffs' homeowners insurance policy for their alleged losses. The Petition contains no allegation that State Farm participated in any way in the alleged tortious conduct of the Builder/Supplier Defendants or that State Farm issued an insurance policy for liability coverage to any of the Builder/Supplier

Defendants. Nor does the Petition contain any allegation that the Builder/Supplier Defendants or Builder/Supplier Insurer Defendants have any relation to or involvement in Plaintiffs' homeowners insurance policy. (See Copy of Plaintiffs' Homeowners Insurance Policy Attached hereto and marked for identification as Exhibit "B".)

*7.* Further, Plaintiffs are included as named plaintiffs in the Omnibus Class Action Complaint entitled *"Sean and Beth Payton et al versus Knauf Gips, et al",* No. 09- MDL- 07628 on the docket of the Eastern District of Louisiana, asserting claims against Defendant Sun Construction, L.L.C. The Omnibus Class Action has been brought against builders, contractors, suppliers of drywall, and installer defendants but not against any insurance defendants. (See Exhibit C, Excerpts from Omnibus Class Action Complaint and Builder/Developer List of Subclasses to Plaintiffs Omnibus Class Action Complaint.)

8. Courts have held that the joinder of such unrelated claims was improper. *See, e.g.*, *Pena v. McArthur*, 889 F. Supp. 403 (E.D. Cal. 1994) (uninsured motorist carrier removed case to federal court but did not include defendant driver in the removal. The federal court severed the claim between plaintiff and the tort feasor and plaintiff and his UM insurer finding two distinct torts (negligence and bath faith) committed by different defendants at different times such that they resulted in the invasion of separate legal interests.); *see also Jones v. Nastech Pharmaceutical*, 319 F. Supp. 2d 720, 728 (S.D. Miss. 2004) (defendant physician egregiously misjoined with pharmaceutical company where physician did not treat some of the plaintiffs); *see also* Fed. R. Civ. P. 20(a).

9. Because the Builder/Supplier Defendants and Builder/Supplier Insurer Defendants have been improperly and fraudulently joined as Defendants with State Farm, their citizenship is to be disregarded for purposes of diversity jurisdiction. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 817 (5th Cir. 1993) (co-defendants "were improperly joined, so their citizenship is to be disregarded for purposes of determining diversity jurisdiction"), *cert denied*, 510 U.S. 868 (1993); *see also Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006); *In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002); *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359–60 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

10. The citizenship of the fictitious Builder/Supplier Defendants and Builder/Supplier Insurer Defendants is not considered for the purposes of removal. *See* 28 U.S.C. § 1441 (a) "the citizenship of defendants sued under fictitious names shall be disregarded." *see also Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 948 (6th Cir. 1994); *Whiddon v. Wal-Mart Stores, Inc.*, No. 04-2072, 2005 WL 14912, (E.D. La. Jan 3. 2005 (J.Vance.). Disregarding the citizenship of the Builder/Supplier Defendants and the Builder/Supplier Insurer Defendants, there is complete diversity between Plaintiffs and State Farm.

### A. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.

11. The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in

5

either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

12. Plaintiffs do not plead, and Louisiana law does not allow a plaintiff to plead, a specific amount of damages. However, for purposes of this removal, it is apparent from the face of the Petition, as well as from the additional facts set forth herein, that the amount in controversy exceeds seventy-five thousand and no/100 ($75,000.00) dollars, exclusive of interest and costs.

A. The coverage limits on Plaintiffs Cassandra and Brad Rogers' homeowners policy are $195,700 for the dwelling; $146,775 for personal property; and Loss of Use in the amount of Actual Loss Sustained. (See Exhibit B, Declarations Page.) Thus, the amount allegedly at issue under the policy itself is in excess of $325,000. Moreover, Plaintiffs seek all statutory damages and attorney's fees

13. Plaintiffs also seek damages for diminution in value of their home; pain and suffering, inconvenience, additional living expenses, and emotional distress, reimbursement for all costs and expenses for the repair of any purchase price paid, and any and all other just and equitable relief.

14. Plaintiffs' Petition for Damages does not offer a binding stipulation that Plaintiffs will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to *Davis v. State Farm*, No. 06-560, slip op. (E.D. La. June 7, 2006).

15. While State Farm admits no liability nor any element of damages, State Farm has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

### B. COMPLETE DIVERSITY EXISTS

16. State Farm is a foreign insurer duly organized under the laws of the State of Illinois and having its principal place of business in the State of Illinois and is therefore domiciled in the State of Illinois. Plaintiffs Cassandra and Brad Rogers are citizens of and domiciled in the State of Louisiana.

17. This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, evidenced by the Petition for Damages, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and, complete diversity exists between all adverse parties.

## II. STATE FARM HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

18. State Farm was served with the Petition for Damages through its agent for service of process, the Louisiana Secretary of State, on December 17, 2009, with the Secretary of State forwarding the petition to State Farm on December 18, 2009. (See Exhibit A.)

19.     This Notice of Removal was filed within thirty (30) days after first receipt by State Farm of a copy of the initial pleading setting forth the claim or relief upon which this action is based and is therefore timely under 28 U.S.C. § 1446(b).

20.     State Farm is not required to obtain the consent of the Builder/Supplier Defendants or the Builder/Supplier Insurer Defendants to its removal in this case, because the consent of a fraudulently or improperly joined defendant need not be obtained.  "In cases involving alleged improper or fraudulent joinder of parties, .... application of this requirement [of consent] to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists."  *Jernigan*, 989 F.2d at 815.

20.     Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different States.

21.     The 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a).  Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

22.     No previous application has been made by State Farm for the relief requested herein.

23. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition and all other pleadings served on State Farm to date are attached hereto as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Cassandra and Brad Rogers, Scott Wolfe, and upon counsel for Sun Construction, L.L.C., David Loeb, and a copy is being filed with Malise Prieto, Clerk of Court for 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana. No other process, pleadings, or orders have been served upon State Farm Fire & Casualty Company.

24. The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

/s/ Adrianne L. Baumgartner
_____
**ADRIANNE L. BAUMGARTNER, T.A. (#2861)**
**DARRIN M. O'CONNOR (#24582)**
**EMILY S. MORRISON  (#18351**)
PORTEOUS, HAINKEL & JOHNSON
408 North Columbia Street
Covington, LA 70434
(985) 893-4790
Abaumgartner@phjlaw.com
doconnor@phjlaw.com
emorrison@phjlaw.com

**Attorneys for State Farm Fire & Casualty Company**

## CERTIFICATE OF COMPLIANCE WITH 28 U.S.C. § 1446(d)

I hereby certify that on January 13, 2010 a copy of the foregoing Notice of Removal has been placed in the United States Mail, with proper and sufficient postage affixed, addressed to:

**Plaintiffs Cassandra and Brad Rogers**
Through their attorney
Scott Wolfe, Jr.
Douglas S. Reiser
Seth J. Smiley
4821 Prytania Street
New Orleans, LA 70115
(504) 894-9653 (Phone)
(504) 866-761-8934 (Fax)

**Defendant Sun Construction L.L.C., d/b/a Sunrise Homes**
Through its attorney
David C. Loeb
Couhig Partners, L.L.C.
1100 Poydras Street
Suite 1150
New Orleans, LA 70163
(504) 588-1288 (Phone)
(504) 588-9750 (Fax)

I hereby further certify that a copy of the foregoing Notice of Removal has also been delivered by hand on January 14, 2010 to:

Malise Prieto
Clerk of Court
22nd Judicial District Court for the Parish of St. Tammany
Post Office Box 1090 (70434)
701 North Columbia Street
Covington, LA  70433

for filing in the record in the state court action entitled:.

*Cassandra Rogers wife of and Brad Rogers versus Sun Construction, L.L.C, D?B/A Sunrise Homes, State Farm Fire and Casualty Company, John Doe Supply, ABC Insurance Company, John Doe Subcontractors, and XYZ Insurance Company*  Docket No. 2009-17258, Division G.

/s/ Adrianne L. Baumgartner